UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DOMINIC GAGLIARDOTTO, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| GOOSE LAKE DEVELOPMENT, INC. d/b/a ) | Case No. |
| GLD, INC. and DRAGAN JOVANOVIC, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT UNDER FAIR LABOR STANDARDS ACT**
**ILLINOIS MINIMUM WAGE LAW**

NOW COMES Plaintiff, DOMINIC GAGLIARDOTTO, by his attorneys Schwartz Wolf & Bernstein LLP, and complaining of Defendants GOOSE LAKE DEVELOPMENT, INC. d/b/a GLD, INC. and DRAGAN JOVANOVIC, individually, states as follows:

**Nature of the Actions**

1. Plaintiff, DOMINIC GAGLIARDOTTO ("Plaintiff") was employed by Defendant GOOSE LAKE DEVELOPMENT, INC. d/b/a GLD, INC. ("GLD") from July 2019 to September 2020. Defendant DRAGAN JOVANOVIC, individually ("Jovanovic"), exercised significant control over the operations of GLD and supervisory control over Plaintiff.

2. Plaintiff was paid wages on an hourly basis. Under both federal and state wage laws, Plaintiff was entitled to be paid for all hours worked and to receive overtime pay equal to time-and-a-half for all hours worked in excess of forty (40) hours during each work week. In violation of federal and state wage laws GLD, at the direction of Jovanovic, failed to pay Plaintiff the overtime wages to which he was entitled.

3. Plaintiff seeks an award of unpaid overtime wages, statutory damages, interest, and attorneys' fees and costs under the applicable provisions of the Fair Labor Standards Act (29

U.S.C. §201 *et seq.*) ("FLSA") and the Illinois Minimum Wage Law (820 ILCS 105/1 *et seq.*) ("IMWL"), as alleged more specifically below.

## Jurisdiction and Venue

4. This court has original subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. 1331 because the claim arises under the laws of the United States.

5. This court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C 1367 because the state law claim is so related to Plaintiff's federal claim that they form a part of the same case or controversy.

6. Venue is proper in this District. Defendants reside in and do business in Illinois and Plaintiff is a resident of Illinois.

## Parties

7. Defendant GLD is an Illinois corporation having its principal place of business and doing business in the State of Illinois.

8. Defendant Jovanovic is an individual residing in the State of Illinois.

9. Plaintiff is an individual residing in the State of Illinois and who was, at times relevant hereto, employed by GLD as a construction manager compensated on an hourly basis.

## Facts Common to All Counts

10. GLD is in the business of general contracting and residential construction.

11. Defendant Jovanovic is the principal of GLD and has and exercises significant, if not exclusive, control over the operations of GLD.

12. Plaintiff was employed by Defendant GLD from July 2019 to September 2020.

13. At all relevant times Defendant Jovanovic had and exercised direct supervisory control over Plaintiff.

14. Plaintiff's job title was originally construction foreman and then, later, project manager.

15. Despite his job titles, the substantial majority of Plaintiff's job duties involved manual labor.

16. Plaintiff was compensated on an hourly wage basis, with no guaranteed minimum number of hours in any work week pay period.

17. Plaintiff sometimes worked less than 40 hours per work week.

18. Plaintiff frequently worked more than 40 hours per work week.

19. Plaintiff was compensated for all hours worked at his regular hourly wage.

20. Plaintiff was not paid at one-and-one-half times his regular hourly wage ("Overtime Pay") for any hours worked in excess of 40 hours per work week.

21. Defendants permitted and sometimes required Plaintiff to work more than 40 hours in a work week.

22. Defendants knew that Plaintiff was not being paid Plaintiff Overtime Pay when he worked more than 40 hours in a work week.

23. Defendant's failure to pay Plaintiff Overtime Pay when he worked more than 40 hours in a work week was knowing and intentional.

## COUNT I

### Violation of Fair Labor Standards Act

24. Plaintiff restates and realleges paragraphs 1-23 of this Complaint as paragraph 24 of this Count I.

25. At all relevant times, Defendants GLD and Jovanovic were Plaintiff's "employer" within the meaning of FLSA, 29 U.S.C. §203(d).

26. At all relevant times, Plaintiff was an "employee" of Defendants GLD and Jovanovic within the meaning of FLSA, 29 U.S.C. § 203(e)(1).

27. At all relevant times, Defendant GLD was an enterprise engaged in commerce within the meaning of FLSA, 29 U.S.C. § 203(s)(1)(A).

28. Under FLSA, Defendants were required to pay Plaintiff Overtime Pay for all hours worked in excess of 40 hours per work week.

29. Defendants' failure to properly compensate Plaintiff for all hours worked in excess of 40 hours per work week was in violation of FLSA, 29 U.S.C. § 207(a)(1) and § 215(a)(2).

30. As a result of said violation of FLSA, Defendants are liable to Plaintiff under 29 U.S.C §216(a) for: (a) the amount of unpaid overtime wages due Plaintiff, (b) for an additional equal amount as liquidated damages, (c) a reasonable attorney's fee, and (d) the costs of this action.

WHEREFORE, Plaintiff, DOMINIC GAGLIARDOTTO respectfully prays for the entry of a judgment in his favor and against Defendants GOOSE LAKE DEVELOPMENT, INC. d/b/a GLD, INC. and DRAGAN JOVANOVIC, jointly and severally, equal to and including:

A. All unpaid overtime wages; and

B. An additional equal amount for liquidated damages; and

C. A reasonable attorney's fee; and

D. The costs of this action.

## COUNT II

### Violation of Illinois Minimum Wage Law

31. Plaintiff restates and realleges paragraphs 1-23 of this Complaint as paragraph 31 of this Count I.

32. At all relevant times, Defendants GLD and Jovanovic were Plaintiff's "employer" within the meaning of IMWL, 820 ILCS 105/3(c).

33. At all relevant times, Plaintiff was an "employee" of Defendants GLD and Jovanovic within the meaning of IMWL, 820 ILCS 105/3(d).

34. Under IMWL, Defendants were required to pay Plaintiff Overtime Pay for all hours worked in excess of 40 hours per work week.

35. Defendants' failure to properly compensate Plaintiff for all hours worked in excess of 40 hours per work week was in violation of IMWL, 820 ILCS 105/4a(1).

36. As a result of said violation of IMWL, Defendants are liable to Plaintiff under IMWL, 820 ILCS 105/12 for: (a) treble the amount of all underpayments due Plaintiff, (b) damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, (c) a reasonable attorney's fee, and (d) the costs of this action.

WHEREFORE, Plaintiff, DOMINIC GAGLIARDOTTO respectfully prays for the entry of a judgment in his favor and against Defendants GOOSE LAKE DEVELOPMENT, INC. d/b/a GLD, INC. and DRAGAN JOVANOVIC, jointly and severally, equal to and including:

A. Treble the amount of all underpaid overtime wages; and

B. Damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid; and

C. A reasonable attorney's fee; and

D. The costs of this action.

                                        DOMINIC GAGLIARDOTTO

                                        By: SCHWARTZ WOLF & BERNSTEIN LLP

By:   /s/ Daniel A. Wolf
One of his attorneys

Daniel A. Wolf
SCHWARTZ WOLF & BERNSTEIN LLP
314 N. McHenry Road
Buffalo Grove, IL 60089
(847) 459-4999
dwolf@swbattorneys.com
ARDC 6202253
**Service by e-mail will be accepted at:**
pleadings@SWBattorneys.com